UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60255-CIV-ZLOCH

ROSE J. SPANO,

    Plaintiff,

vs.                        **FINAL ORDER OF DISMISSAL AS TO
                                 DEFENDANT MICHAEL SATZ**

MICHAEL SATZ, et al.,

    Defendants.
_____/

    THIS MATTER is before the Court upon Defendants Michael Satz and David Schulson's Motion To Dismiss Amended Complaint (DE 40). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Rose J. Spano sues Defendants, members of the State Attorney's Office of Florida, the Florida Department of Corrections, and Douglas Swerdowski, an employee thereof. Defendants Satz and Schulson now move to dismiss the Amended Complaint (DE 35), of which Count II is directed at them. They argue that the Amended Complaint should be dismissed on several grounds, including qualified immunity.

    Qualified immunity is designed "to protect government officials performing discretionary functions from civil liability when their actions violate no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 953 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). Qualified immunity protects "all but the plainly incompetent or

those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986), and it allows government officials to carry out their duties without the fear of personal liability or harassing litigation.  See Anderson v. Creighton, 483 U.S. 635, 638 (1987). It is "an entitlement not to stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "The privilege is 'an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  Saucier v. Katz, 533 U.S. 194, 200-01 (2001) (quoting Forsyth, 472 U.S. at 526) (emphasis omitted).

The question of whether a defendant is entitled to qualified immunity is a question of law applied to settled facts.  It turns on whether the law at the time of the incident in question was clearly established so that a reasonable person would have known that the actions of the defendant violate the law.  See Courson v. McMillian, 939 F.2d 1479, 1487-88 (11th Cir. 1991).  In determining whether state actors are entitled to qualified immunity, the Court must first resolve all issues of material fact in favor of Plaintiffs and then answer the legal question of whether Defendants are entitled to qualified immunity under that version of the facts. Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002).  The Court may decide the legal issue of qualified immunity without first addressing whether any constitutional violation has taken place. Pearson v. Callahan, 555 U.S. ___, 129 S. Ct. 808 (2009), receding from Saucier, 533 U.S. 194.

In Count II, Plaintiff alleges that Defendant Schulson, a Florida prosecutor, appeared before a Florida state court and swore under oath that Plaintiff was practicing law without a license in violation of Florida Statutes § 454.31.  Prosecutors are absolutely immune from suit for actions such as this.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-431 (1976).  However, she then alleges that Schulson had a hand in denying her adequate medical care while she was incarcerated.  This, if true, would not immunize Schulson from suit.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976).  Therefore, this action may proceed against Defendant Schulson for his actions, if any, regarding Plaintiff's medical care.

As to the remaining grounds argued in the instant Motion (DE 40) regarding Schulson, the Court finds that the legal issues raised herein are more properly addressed in a Motion for Summary Judgment, when discovery may present the Court with a full record upon which it may address and decide said issues.

The Amended Complaint (DE 35) makes no allegations regarding Defendant Michael Satz.  Therefore, the same shall be dismissed as to him.  Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement that the pleader is entitled to relief).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants Michael Satz and David Schulson's Motion To Dismiss Amended Complaint (DE 40) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent Defendants Michael Satz and David Schulson's Motion To Dismiss Amended Complaint (DE 40) seeks an Order dismissing this action as to Defendant Michael Satz, it be and the

same is hereby **GRANTED**;

    2. The above-styled cause be and the same is hereby **DISMISSED** as to Defendant Michael Satz; and

    3. In all other respects, Defendants Michael Satz and David Schulson's Motion To Dismiss Amended Complaint (DE 40) be and the same is hereby **DENIED.**

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this \_\_\_11th\_\_\_ day of June, 2009.

*/s/ William J. Zloch*
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Rose J. Spano, pro se
P.O. Box 50136
Lighthouse Point, FL 33074-0136