UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60255-CIV-ZLOCH

ROSE J. SPANO,

    Plaintiff,

vs.                                        **O R D E R**

MICHAEL SATZ, et al.,

    Defendants.
_____/

THIS MATTER is before the Court upon Defendant Douglas Swerdowski's Motion To Dismiss Amended Complaint (DE 41). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff Rose J. Spano sues Defendants, members of the State Attorney's Office of Florida, the Florida Department of Corrections, and Douglas Swerdowski, an employee thereof. Swerdowski now moves to dismiss the Amended Complaint (DE 35), of which Count III is directed at him. He alleges several grounds, including, among others, failure to state a claim and qualified immunity.

The Court notes that only a short and plain statement of facts needs to be set out to comply with the liberal pleading requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a). In Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955 (2007), the Supreme Court stated that to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. The Court

further explained that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." Id. (quotations omitted). The Court finds that Plaintiff's allegations against Defendant Swerdowski in Count III satisfy Rule 8.

The Court now turns to Swerdowski's qualified immunity argument. Qualified immunity is designed "to protect government officials performing discretionary functions from civil liability when their actions violate no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 953 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986), and it allows government officials to carry out their duties without the fear of personal liability or harassing litigation. See Anderson v. Creighton, 483 U.S. 635, 638 (1987). It is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "The privilege is 'an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Saucier v. Katz, 533 U.S. 194, 200-01 (2001) (quoting Forsyth, 472 U.S. at 526) (emphasis omitted).

The question of whether a defendant is entitled to qualified immunity is a question of law applied to settled facts. It turns

2

on whether the law at the time of the incident in question was clearly established so that a reasonable person would have known that the actions of the defendant violate the law. See Courson v. McMillian, 939 F.2d 1479, 1487-88 (11th Cir. 1991). In determining whether state actors are entitled to qualified immunity, the Court must first resolve all issues of material fact in favor of Plaintiffs and then answer the legal question of whether Defendants are entitled to qualified immunity under that version of the facts. Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002). The Court may decide the legal issue of qualified immunity without first addressing whether any constitutional violation has taken place. Pearson v. Callahan, 555 U.S. ___, 129 S. Ct. 808 (2009), receding from Saucier, 533 U.S. 194.

In Count III, Plaintiff claims that she was deprived of adequate medical care and threatened with such denial by Swerdowski while she was incarcerated. It is well-settled that the Eighth Amendment requires a minimum standard of care to be given to incarcerated individuals by corrections officials. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The allegations of the Amended Complaint are sufficient for this action to continue forward.

As to the remaining grounds argued in the instant Motion (DE 41), the Court finds that the legal issues raised herein are more properly addressed in a Motion for Summary Judgment, when discovery may present the Court with a full record upon which it may address and decide said issues.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Douglas Swerdowski's

Motion To Dismiss Amended Complaint (DE 41) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___11th___ day of June, 2009.

                                      /s/ William J. Zloch
                                      WILLIAM J. ZLOCH
                                      United States District Judge

Copies furnished:

All Counsel of Record

Rose J. Spano, pro se
P.O. Box 50136
Lighthouse Point, FL 33074-0136