UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

CASE NO. 09-60255-CIV-ZLOCH/SNOW

ROSE J. SPANO,

       Plaintiff,

vs.

MICHAEL SATZ, et al.,

       Defendants.
_____/

**DEFENDANT'S THIRD MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS AND
MEMORANDUM IN SUPPORT**

    Defendant, DAVID SCHULSON, pursuant to the court Orders dated January 7, 2010 (DE# 93), January 20, 2010 (DE# 96) and May 12, 2010 (DE# 123), and pursuant to Rule 37, Fed.R.Civ.P., files his Third Motion to Compel Production of Documents and Motion for Sanctions against the Plaintiff, ROSE J. SPANO, and as grounds states:

**I.  INTRODUCTION**

**Order – Docket Entry 93**

    1.    On January 7, 2010, this Honorable Court entered an Order requiring Defendants to provide a reformulated/revised Request for Production number 6.[1]

    2.    The order stated, in part:

> …In order to facilitate the discovery process, the Court will allow Defendant to reformulate this document request (perhaps as multiple requests) to identify the narrower, readily identifiable groups of relevant documents that Defendant seeks.  Defendant shall provide a revised Request for Production 6 to Plaintiff by **Friday, January 22, 2010.**

---

[1] The request for production number 6 and plaintiff's response was set forth in Defendant's motion to compel, D.E.# 74.

1

(Emphasis in original).

3. Defendant complied with court order, (D.E.#93), by serving the reformulated request for production, entitled "Second Request for Production," on pro se Plaintiff on January 21, 2010 by U.S. Mail.

4. It is the Defendant's belief that the Order, (D.E.#93), required Plaintiff to produce all responsive documents in her custody and control by Friday, February 5, 2010.

5. The order reads, in part:

…Thus, Plaintiff must produce all responsive documents in her legal custody or control, regardless of whether she is currently in possession of all documents. As it appears from Plaintiff's response that she has not provided all responsive documents in her custody and control, Plaintiff shall certify in an affidavit that she has provided all responsive documents in her custody and control in response to Defendant's discovery requests and provide Defendant with any additional supplemental documents in her custody or control by Friday, **February 5, 2010**.

(Emphasis in original).

6. Plaintiff filed objections to the Order of January 7, 2010 (DE# 95), but the objections were overruled. (DE# 96).

**Second Motion to Compel and Order**

7. Defendant made numerous efforts to obtain the ordered discovery, as set forth in Defendant's Second Motion to Compel of April 9, 2010, which is readopted, realleged and incorporated by reference. (DE# 100). Plaintiff filed her Response to the Second Motion to Compel (DE# 108) and the Defendant replied. (DE# 110).

8. The Magistrate Judge entered the Order of the Court of May 15, 2010 on the Second Motion to Compel. (DE # 123). That Order, among other things, pointed out to the Plaintiff that the Court's order of January 7, 2010 had required that, "***Plaintiff must produce all responsive documents in her legal custody or control, regardless of whether she is currently in***

2

*possession of all documents."* (DE# 123, p. 2) (original emphasis). The Court also ordered as follows:

> **The Court hereby orders Plaintiff to file a privilege log regarding her assertions of any privilege to responsive documents that <u>fully</u> comports with <u>all requirements</u> set forth in Local Rule 26.1, S.D. Fla., and Rule 26(b)(5), Fed. R. Civ. P., by <u>Wednesday, May 26, 2010, at 5:00 p.m.</u>**
>
> \*\*\*
>
> **As a result, Plaintiff has a duty under discovery to request these responsive documents from her agents, including her former counsel and current appellate counsel and all medical providers, and she has a legal right to receive the documents from these individuals, and, absent some privilege properly asserted in a privilege log that conforms with Rule 26.1, S.D. Fla., or a financial inability to be able to pay for the copying costs (discussed further below), Plaintiff must provide all responsive documents to Defendant. Consequently, and in light of the Court's last reminder to Plaintiff of this duty, Plaintiff shall request and receive all responsive documents in the possession of her current and former attorneys and doctors and provide all responsive documents to Defendant by Wednesday, May 26, 2010, by 5:00 p.m.**
>
> \*\*\*
>
> **the Court orders Plaintiff to file a certified affidavit and all supporting documents that answer the following questions by Wednesday, May 26, 2010, at 5:00 p.m.: (1) Plaintiff shall set forth the specific details of all costs for copying those documents that she alleges she cannot afford to copy, including all copies of the letters from Plaintiff to medical providers or other holders of responsive documents requesting the costs for copying the responsive documents, and any correspondence from the provider to Plaintiff setting forth the specific costs of obtaining those documents; and (2) Plaintiff shall detail her current financial means and livelihood, assets, and liabilities, and why she is unable to pay for these copying costs, including any supporting relevant documents.**
>
> \*\*\*
>
> **Consequently, under Plaintiff's discovery obligations, Plaintiff must produce all responsive documents to Defendant.**
>
> \*\*\*
>
> **Plaintiff shall specifically supplement her response to Second Request to**

3

> **Produce No. 14, by providing these missing responsive documents, or alternatively, If Plaintiff does not have custody or legal control of these specific responsive documents, she shall so state in a certified affidavit to Defendant by Wednesday, May 26, 2010 by 5:00 p.m.**

(DE# 123, pps. 2, 14, 16i, 17-18) (original emphasis).

9. Plaintiff filed her objection and motion to review this order (DE# 128) and Defendant filed his Response. (DE# 131). Plaintiff filed her Reply. (DE# 133). The objection has not yet been ruled upon, but no stay of the ordered discovery has been moved for or entered.

10. Having received none of the documents or affidavits referred to in the order by June 2, 2010 from the Plaintiff and in a good faith effort to resolve the matter without further court intervention, the undersigned emailed Plaintiff's counsel on that date, informing him that, if the required documents were not received by Monday, June 7, 2010 at 5:00 P.M., Defendant reserved the right to file another motion to compel the requested discovery and/or for appropriate sanctions. (Ex. A hereto).

## II. MOTION TO COMPEL AND FOR SANCTIONS

11. Where the Plaintiff has chosen not to provide any of the additional documents or affidavits that have been ordered to be provided by this Court in its most recent order and has, in fact, chosen to completely ignore the Order of this Court of May 12, 2010 (It should be noted as well that Plaintiff has, thus far, paid none of the financial sanctions ordered by this Court, at any time), it is respectfully submitted that this Court should order the documents requested produced without further delay and enter further appropriate sanctions.

## III. MEMORANDUM IN SUPPORT

Federal Rules of Civil Procedure "strongly favor full disclosure whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Rules 26 states:

4

> …[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

The rule also requires parties to supplement their responses when they learn that their response is, in some material respect, incomplete or incorrect. Fed.R.Civ.P. 26(e). A district court can, if appropriate, compel a party to collect and to produce whatever discovery-related information is necessary. Sprint Comms. Co. v. APCC Services, Inc., 128 S.Ct. 2531, 2545 (2008)(citing Fed. R. Civ.P. 26(b)(1).

As argued in Defendant SCHULSON's first motion to compel, Plaintiff's Amended Complaint (DE #35) alleges in part that defendants committed perjury and she was deprived of medical care and treatment. She alleged she expended great sums of money in traveling to and from the defendant's locations, suffered general damages in the amount of $75,000 and she is seeking punitive damages.

The court Order dated January 7, 2010, (D.E.# 93), ordered Plaintiff ROSE SPANO to produce all responsive documents in her legal custody or control, regardless of whether she was currently in possession of all documents. The order read, in part:

> …Thus, Plaintiff must produce all responsive documents in her legal custody or control, regardless of whether she is currently in possession of all documents. As it appears from Plaintiff's response that she has not provided all responsive documents in her custody and control, Plaintiff shall certify in an affidavit that she has provided all responsive documents in her custody and control in response to Defendant's discovery requests and provide Defendant with any additional supplemental documents in her custody or control by Friday, **February 5, 2010**. (Emphasis in original).

Defendant did not receive an affidavit certifying that plaintiff had provided all responsive documents in her custody and control by the deadline of February 5, 2010. After several email communications, Plaintiff provided 7 medical bills or collection notices, 1 lab prescription (for the performance of a blood test) and 1 prescription, as set forth in paragraph 12 above.

Subsequently, Plaintiff was ordered to provide the additional documents she had been previously required to produce or affidavits establishing why these documents could not be produced. (DE# 123). She chose to ignore the order.

## IV. COMPLIANCE WITH RULE 26.1

Pursuant to Local Rule 26.1(C), copies of the following discovery documents are being filed with the Court contemporaneously with this Motion to Compel.

a. Defendant's Notice of Serving Second Request for Production (dated January 20, 2010).

b. Plaintiff's Notice of Service of Additional Responses to Defendant David Schulson's Request to Produce (with cover letter dated February 15, 2010); and

c. Plaintiff's Notice of Service of Responses to Defendant's Second Request to Produce (dated February 19, 2010).

## V. CONCLUSION

Defendant respectfully requests this Court compel Plaintiff, ROSE J. SPANO, to comply with the court orders dated January 7, 2010, (D.E.# 93) and May 12, 2010 (DE# 123) , and further, moves for sanctions for plaintiff's failure to comply with the orders.

## VI.  CERTIFICATION

Pursuant to Local Rule 7.A.3, the undersigned certifies that counsel has attempted to resolve the conflict with Plaintiff as demonstrated by the exhibit attached hereto.  Counsel is filing this Motion to preserve the issues raised in the motion pursuant to Local Rule 26.1(H)(1).

Respectfully submitted,

BILL McCOLLUM
ATTORNEY GENERAL


/s/ Charles M. Fahlbusch
Charles M. Fahlbusch
Florida Bar No.: 0191948
Senior Assistant Attorney General
Charles.Fahlbusch@myfloridalegal.com
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, Florida 33301
Telephone:      954-712-4600
Facsimile:       954-712-4708
Attorney for Defendant, David Schulson

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

/s/ Charles M. Fahlbusch
Charles M. Fahlbusch
Senior Assistant Attorney General

## SERVICE LIST

Spano v. Satz, et al.
Case No.: 09-60255-CIV-ZLOCH/SNOW
United States District Court, Southern District of Florida

[By U.S. Mail]:
Thomas W. Austin PA
5802 N. University Drive
Tamarac, FL 33321